_____

|                           |   |                          |
| NAZARIY KMET,             | : |                          |
|                           | : | Civ. No. 19-9185 (RBK)   |
| Petitioner,               | : |                          |
|                           | : |                          |
| v.                        | : | **OPINION**              |
|                           | : |                          |
| DAVID ORTIZ,              | : |                          |
|                           | : |                          |
| Respondent.               | : |                          |

_____:

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, an inmate formerly confined at FCI Fort Dix, in Fort Dix, New Jersey, filed a

Petition under 28 U.S.C. § 2241. (*See* ECF No. 1). Respondent filed an Answer, and Petitioner

filed a Reply. For the reasons discussed below, the Court will dismiss Petitioner's immigration

detainer claims for lack of jurisdiction and deny Petitioner's due process claims with respect to the

Residential Drug Abuse Program. Additionally, the Court will deny Petitioner's "motion for

summary judgment"[1] and other requests for relief as moot.

## I.      BACKGROUND

As an initial matter, the Court notes that Petitioner has filed two § 2241 petitions, asserting

essentially the same claims,[2] (Civ. Nos. 19-19307 & 19-9185), but the Court has not ordered an

_____

[1] Alternatively, the Court will deny the motion for summary judgment because it is inappropriate
in a habeas case for a litany of reasons. *See, e.g.*, *Manfredi v. United States*, No. 12-1905, 2012
WL 2884006, at *1 (D.N.J. July 13, 2012); *Scott v. FCI Fairton*, No. 09-0929, 2010 WL 2540456,
at *3 (D.N.J. June 16, 2010), *aff'd*, 407 F. App'x 612 (3d Cir. 2011) ("For all practical purposes,
summary judgment is equivalent to the Court's making a determination on the merits of a habeas
petition. As the Court will rule on the petition for writ of habeas corpus in due course, a motion
for summary judgment in a habeas proceeding serves no purpose.").

[2] Petitioner focuses more on his immigration detainer in the latter petition. (Civ. No. 19-19307,
ECF Nos. 1–2).

answer in Civil Action No. 19-19307.  Although the Court will issue two separate Opinions, the Court will incorporate information from both matters.

On March 31, 2015, the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to seventy-two months in prison for healthcare fraud and related offenses.  Petitioner has or had legal permanent resident status in the United States.

While serving his sentence, the Department of Homeland Security (DHS) lodged a detainer against him, because there was reason to believe that Petitioner was "an alien subject to removal from the United States" because of his felony conviction. (ECF No. 7, at 2–3).

In December of 2015, DHS removed Petitioner's detainer while he appealed his criminal conviction but continued to monitor the status of Petitioner's appeal.  Upon the removal of the detainer, Petitioner became eligible to participate in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP").  The BOP administers the RDAP as an intensive treatment program to reduce the risk of relapse for participants.  If a prisoner successfully completes the program, the BOP *may*, in its discretion, reduce a prisoner's sentence by up to one year. *See* 18 U.S.C. § 3621(e)(2); *Anderson v. Schultz*, No. 09-4683, 2010 WL 5017352, at *2 (D.N.J. Nov. 23, 2010).  Prior to removing the detainer, Petitioner was ineligible for early release or to participate in the RDAP, because deportable aliens "are not eligible for [Residential Reentry Center ("RRC") placement], which is a critical component of the RDAP." (ECF No. 7, at 5; ECF No. 7-2, at 6–7).

Petitioner participated in the RDAP and completed a substantial portion of it, but in August of 2018, DHS, through its enforcement arm, the United States Immigration and Customs Enforcement ("ICE"), lodged a new detainer against the Petitioner.  The Third Circuit had dismissed Petitioner's criminal appeal, and in turn, the agencies sought to reinstate an active immigration detainer.  As a result of the new detainer, Petitioner "could not complete the RRC

placement component of [the] RDAP, and he was not eligible for early release." (ECF No. 7, at 6). Prior to those developments, the BOP had recommended Petitioner for placement in RRC or home confinement to start on February 12, 2019. Otherwise, Petitioner's projected release date is August 7, 2020.

On April 2, 2019, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241, challenging his detainer as legally invalid, and ostensibly the loss of his discretionary sentence reduction under the RDAP. He requests that the Court declare his detainer invalid, order the BOP to provide a "valid detainer," or order his immediate release from BOP custody. (ECF No. 1, at 8).

## II.    STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.    DISCUSSION

Section 2241 of Title 28 of the United States Code permits a federal court to grant a writ of habeas corpus to a prisoner who is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). A district court has jurisdiction to hear a petition pursuant to § 2241 *only* if the petitioner is "in custody." *James v. Dist. Attorney York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Verde–Rodriguez v. Att'y Gen.*, 734 F.3d 198, 204 n.4 (3d Cir. 2013)).

### A.  Immigration Detainer Claims

Section 2241 confers jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A prisoner who is presently serving a federal criminal sentence, however, is not "in custody" for purposes of § 2241 merely because ICE has lodged an immigration detainer against him or her. *See Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005). An "immigration detainer, which simply gives a prison notice that ICE is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241." *See, e.g.*, *James*, 594 F. App'x at 67.

With those principles in mind, Petitioner's detainer claims are facially meritless under § 2241. Petitioner is currently in custody pursuant to his federal criminal sentence and *not* his immigration detainer, *i.e.*, he is not presently in immigration detention during removal proceedings. Consequently, he cannot challenge the detainer because he is not "in custody" pursuant to that detainer, for the purposes of § 2241. *See James*, 594 F. App'x at 67; *Adams*, 148 F. App'x at 95. Accordingly, the Court will dismiss Petitioner's immigration detainer claims for lack of jurisdiction.

## B.  RDAP Due Process Claims

Although Petitioner appears to clarify, in his Reply, that he is only challenging his immigration detainer,[3] the Court will also construe the instant Petition as challenging the loss of his discretionary sentence reduction under the RDAP.  Under that program, after "an inmate completes RDAP, the BOP has *discretion* to reduce what remains of his sentence by as much as one year." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011) (per curiam) (emphasis added) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55).  Stated differently, even if Petitioner successfully completed the program to perfection, the statute "still affords the Bureau complete discretion to require Petitioner to serve his full sentence." *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

To the extent Petitioner contends that the BOP's decision violated his due process rights, Petitioner does not have a liberty interest in a reduction of his sentence under 18 U.S.C. § 3621(e). *See, e.g.*, *Jerome v. Grondolsky*, No. 09-2301, 2010 WL 624874, at *6 (D.N.J. Feb. 18, 2010) (citing *Magnin v. Beeler*, 110 F. Supp. 2d 338, 340 n. 2 (D.N.J. 2000)).  Section 3621(e) does not create a liberty interest because the determination of whether to release a particular inmate is within the *discretion* of the BOP and does not speak in mandatory terms. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons."); *see also Lopez v. Davis,* 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions

---

[3] Despite appearing to contest the loss of his RDAP sentence reduction throughout the Petition, Petitioner states in his Reply, that Respondent "dedicated a majority of their responses to various B.O.P. Policies that regulate designation, classification as well as RDAP Program, none of which was challenged by the Petitioner." (ECF No. 8, at 1).

of confinement and to reduce his term of imprisonment."); *Douvos v. Quintana,* 382 F. App'x. 119, 122 (3d Cir. 2009).

Nor does the Due Process Clause itself create a liberty interest in early release under § 3621(e) because requiring Petitioner to serve the remainder of his original sentence "is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) (internal quotation marks omitted). Accordingly, the Court will deny Petitioner's due process claims with respect to the RDAP.

Additionally, the Court observes that he has failed to exhaust his administrative remedies on these claims. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). According to the BOP's records, Petitioner filed administrative appeals with the warden and regional director but did not file a final appeal to the BOP central office, until nearly a month *after* filing the instant Petition. Petitioner does not contest these events and does not allege any facts[4] that would permit the Court to find that exhaustion would be futile or that requiring exhaustion would subject Petitioner to irreparable injury. Consequently, the Court will also deny Petitioner's RDAP due process claims for Petitioner's failure to exhaust his administrative remedies.

---

[4] In the interest of efficiently resolving Petitioner's claims, Respondent chose to address the merits of the Petition, as the Central Office had eventually addressed the substance of Petitioner's claims. (ECF No. 7, at 7).

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss Petitioner's immigration detainer claims for lack of jurisdiction and deny Petitioner's due process claims with respect to the RDAP. Additionally, the Court will deny Petitioner's motion for summary judgment and other requests for relief, as moot.  An appropriate Order follows.


Dated:  March _27_ , 2020                                   _s/Robert B. Kugler_
                                                            ROBERT B. KUGLER
                                                            United States District Judge